**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | | |
|---|---|---|---|
| GUY WILLIAMS | : | | |
| | : | | |
| Plaintiff, | : | No.: 11-cv-06352 | |
| v. | : | | |
| | : | | |
| CITY OF TRENTON, et al | : | | |
| | : | | |
| Defendant | : | | |

**ORDER**

AND NOW this _____ day of _____, 2012, upon consideration of Plaintiff's Motion to Amend his Complaint, and any response thereto, it is hereby ORDERED and DECREED that Plaintiff's Motion is GRANTED, and the Clerk shall docket Plaintiff's attached proposed (Exh. A) Amended Complaint.

**AND IT IS SO ORDERED.**

_____
,J.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | | |
|---|---|---|---|
| GUY WILLIAMS | : | | |
| | : | | |
| Plaintiff, | : | No.: 11-cv-06352 | |
| v. | : | | |
| | : | | |
| CITY OF TRENTON, et al | : | | |
| | : | | |
| Defendant | : | | |

**PLAINTIFF'S MOTION TO AMEND HIS COMPLAINT**

Incorporating by reference Plaintiff's attached Memorandum of Law, Plaintiff respectfully requests this Honorable Court grant Plaintiff's Motion to Amend.

WHEREFORE, Plaintiff respectfully requests this Honorable Court grant Plaintiff's Motion to Amend his Complaint consistent with the attached proposed Order.

**WEISBERG LAW, P.C.**


/s/ Matthew B. Weisberg
Matthew B. Weisberg, Esquire
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| GUY WILLIAMS | : | |
| | : | |
| Plaintiff, | : | No.: 11-cv-06352 |
| v. | : | |
| | : | |
| CITY OF TRENTON, et al | : | |
| | : | |
| Defendant | : | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND HIS COMPLAINT**

**I.   Introduction**

> Pleading is [not] a game of skill in which one misstep by counsel may be decisive to the outcome…the purpose of pleading is to facilitate a proper decision on the merits.  Foman v. Davis, 371 U.S. 178 (1962) (quoting Conley v. Gibson, 355 U.S. 41, 48).

**II.   Operative Facts**

As indicated in the attached proposed Amended Complaint (Exh. A), Plaintiff respectfully requests this Honorable Court for leave to add a Defendant – Detective Miles, and to add a cause of action for wrongful arrest.

The need for the addition of Detective Miles as a Defendant was discovered during this matter's litigation wherein the transcript of the underlying hearing upon then criminal Defendant (now Plaintiff), Williams' hearing upon his Motion to Suppress was obtained.  The need to add a count in wrongful arrest was discovered after a discovery contest (which Plaintiff ultimately conceded) upon the propriety of Defendants' request for admissions.

On June 18, 2012, Plaintiff conceded, per Hector, supra, Defendants' requests for admissions proper upon Plaintiff's reconsideration vis-à-vis Defendants' motion.  Therein, Plaintiff requested leave to amend consistent with Hector.  On June 19, 2012, this Honorable Court **granted** Plaintiff leave to amend.

However, upon Defendants' June 21, 2012 correspondence and thereafter informal objections towards that amendment per this Honorable Court's June 25, 2012 Order, Plaintiff submits this motion.

### III.   Argument

Pursuant to the liberal mandates of FRCP 15(a)(2), leave to amend is requested as proposed.  <u>Adams v. Gould, Inc.</u>, 730 F.2d 858, 868-870 (C.A.3 1984) (reversing District Court denial of Motion to Amend a Complaint to assert a new legal theory); <u>Arthur v. Maersk, Inc.</u>, 434 F.3d 196, 204-207 (C.A.3 2006) (reversing District Court denial of Motion to Amend to add a new party approximately one year after initiation); <u>Lorenz v. CSX Corp.</u>, 1 F.3d 1406, 1414 (C.A.3 1993) (finding no prejudice three years after action and two years after Complaint was amended for a second time).

Especially for a civil rights action, leave to amend should be liberally granted. <u>Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.</u>, 482 F.3d 247 (C.A.3 (N.J.) 2007).

As observed above, amendments to add parties and causes of action in civil rights matters are not uncommon.  While forced towards this motion (notwithstanding this Honorable Court's prior grant of leave to amend), Defendants' instant objection, when made, has, in the undersigned's experience, never been sustained – consistent with the above precedent.  <u>Stetser v. Jinks</u>, Civ.A.No. 10-3094 (D.N.J. July 23, 2012); <u>Ayres v. Berks County Sheriff's Department</u>, Civ.A.No. 09-1512 (E.D.Pa May 6, 2010); <u>Henry v. City of Philadelphia</u>, Civ.A.No. 10-1746 (E.D.Pa September 21, 2011).

WHEREFORE, Plaintiff respectfully requests this Honorable Court grant Plaintiff's Motion to Amend his Complaint consistent with the attached proposed Order.

**WEISBERG LAW, P.C.**

/s/ Matthew B. Weisberg
Matthew B. Weisberg, Esquire
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| GUY WILLIAMS | : | |
| | : | |
| Plaintiff, | : | No.: 11-cv-06352 |
| v. | : | |
| | : | |
| CITY OF TRENTON, et al | : | |
| | : | |
| Defendant | : | |

**CERTIFICATE OF SERVICE**

I, Matthew B. Weisberg, Esquire, hereby certify that on this 26th day of July, 2012, a true and correct copy of the foregoing Plaintiff's Motion to Amend his Complaint and Memorandum of Law in support thereof was served via ECF upon the following parties:

J. Brooks DiDonato, Esq.
Parker McCay P.A.
9000 Midlantic Drive, Ste. 300
P.O. Box 5054
Mount Laurel, NJ 08054

        **WEISBERG LAW, P.C.**

        /s/ Matthew B. Weisberg
        Matthew B. Weisberg, Esquire
        Attorney for Plaintiff