NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **GUY WILLIAMS,** | Civil Action No. 11-6352 (MAS) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| **CITY OF TRENTON, et al.,** | |
| Defendants. | |

**BONGIOVANNI, Magistrate Judge**

Currently pending before the Court is Plaintiff Guy Williams' ("Plaintiff") motion to compel the identity of a confidential informant. Defendants City of Trenton, Trenton Police Department and Kenneth Lugo ("Defendants") oppose Plaintiff's motion. The Court has fully reviewed all arguments made in support of and in opposition to Plaintiff's motion and considers the same without oral argument pursuant to FED.R.CIV.P. 78. For the reasons set forth more fully below, Plaintiff's motion to compel is DENIED.

**I. Background**

In the Spring of 2009[1], Plaintiff Guy Williams was approached by Detectives from the City of Trenton's Police Department who had received information from a Confidential

---

[1] It is unclear from the docket when exactly Plaintiff was arrested. Plaintiff's Complaint states "[i]n or around June 2009, Plaintiff was...having lunch" [Docket Entry No. 1, ¶10], a date which Defendant's Answer admits. [Docket Entry No. 4, ¶10-11]. However, Defendant's Brief in Opposition to the instant motion claims this date was "Saturday, May 2, 2009, at approximately 9:25 p.m." [Docket Entry No. 23, *4].

1

Informant ("CI") about a man with a gun. *Defendant's Brief in Opposition,* [Docket Entry No. 23, *4].  Plaintiff was then arrested and charged with Unlawful Possession of a Firearm and Unlawful Possession of a Firearm by One Not Permitted to Carry (Felon).  *Id.*  Plaintiff was unable to make bail and was held in the Mercer County Jail until April 15, 2011, his trial date. [Docket Entry No. 1, ¶¶18-19.] At the time of trial, Plaintiff's Attorney successfully moved to suppress the firearm.  The charges against Plaintiff were therefore dismissed. *Id.* at ¶21.  Plaintiff then brought this action pursuant to 42 U.S.C. § 1983, et seq., alleging various civil rights violations. *Id.*

      Plaintiff contends that the identity and testimony of the CI is crucial to his civil case. Plaintiff requests the release of such information "for the purpose of investigation and discovery to determine whether the information that the confidential informant was providing to Defendants was truthful, accurate, verifiable" and additionally to evaluate "Defendants' assertion that this confidential informant was utilized prior to the arrest of Mr. Williams." *Plaintiff's Brief in Support,* [Docket Entry No. 22, *4].

      Defendant counters by arguing that the identity of the CI may not be released for three main reasons: the Government possesses the privilege of withholding the identity of informants; that this request is made pursuant to a civil action and not a criminal prosecution; and the CI remains active and in use and his safety and perhaps his life might be compromised by the release of his identity, especially due to the fact that it appears Plaintiff is a member of the crips gang. *Defendant's Brief in Opposition,* [Docket Entry No. 23, *9].

      In his reply brief, Plaintiff argues that the deposition testimony of Detective Miles has changed with regard to the relationship Detective Miles had with the CI, and that such changes

need to be explained through the release of the CI's identity and his prior "police tip" record to establish credibility.  Furthermore, Plaintiff argues that Defendants' concerns over retaliation against the CI are unfounded, as Plaintiff has never been arrested, charged or convicted of a violent crime. *Plaintiff's Reply Brief,* [Docket Entry No. 24, *2].  Moreover, Plaintiff argues that he has suspected that one Bishop Miner was the CI and has never harmed or threatened Mr. Miner in any way.

## II. Analysis

Notably, all the cases upon which Plaintiff relies for the proposition that the identity of the confidential informant should be disclosed are in the criminal context.  Plaintiff has not cited any case where the identity of the information was released to a former defendant now seeking civil relief.

In *Roviaro v. United States,* 353 U.S. 53 (1956), the United States Supreme Court recognized the Government's privilege to withhold the identity of informants. While the Supreme Court held that the privilege was not without limitations, to justify disclosure, the movant must demonstrate that the "the...informer's identity...is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause." *Id.* at 60-61.  To establish a need for disclosure of the Confidential Informant, the movant must make a particularized showing that the informant can provide concrete material evidence that it sufficiently aids the defense to establish a specific asserted defense. *Plaintiff's Brief in Support,* [Docket Entry No. 22, *3], citing *United States v. Jiles,* 658 F.2d 194, 197 (3d Cir. 1981).

The Third Circuit in *Jiles* outlined the potential roles of CIs based on their participation:

3

> "When applying this test, one of three types of cases may emerge. [] First, the court may be presented with an extreme situation, such as that in *Rovario* itself, in which the informant played an active and crucial role in the events underlying the defendant's potential criminal liability. In these cases, disclosure and production of the informant will in all likelihood be required to ensure a fair trial. [] At the other end of the spectrum, are the cases in which the informant was not an active participant or eyewitness, but rather a mere tipster. In such cases, courts have generally held that the informant's identity need not be disclosed. [] A third group of cases falls between these two extremes and it is in this group that the balancing becomes most difficult."

*Id.* at 196-197. (Internal citations omitted).

Additionally, in *United States v. Seaton,* 178 Fed. Appx. 172 (3d Cir. 2006), the Third Circuit held that the claim that the CI did not exist or had fabricated the information supplied to police, as against the defendant's word alone, was insufficient to outweigh both the public's interest in the continued flow of investigative information and the informant's interest in avoiding retaliation. *Id.* at 174.

The foregoing cases, while relevant to the disclosure of CI identities, are, however, distinguishable in one crucial respect. The instant case is a civil rights action and not a criminal prosecution. There is no "defense of an accused" consideration, as there was in *Roviaro*. Indeed, the Supreme Court of New Jersey has held that in civil proceedings, the privilege requires an even higher standard for disclosure. *McClain v. College Hospital,* 99 N.J. 346 (1985).

It is clear that Plaintiff fails to meet the high burden required for disclosure. The nature of this case as a civil proceeding simply does not command the same importance as a criminal matter with respect to the disclosure of CIs. Plaintiff's liberty is no longer at stake. Furthermore, assuming *arguendo* that Plaintiff's prior loss of liberty satisfies overcoming such a hurdle, the participation of the CI simply does not rise to a level which would require disclosure. In applying the test of *Jiles,* the CI here was a mere tipster and was not involved in the transaction,

4

nor was he or she an eyewitness.  Furthermore, the CI's status as a tipster is still active and he is "in use by local, State and Federal Government law enforcement agencies." *Defendant's Brief in Opposition,* [Docket Entry No. 23, *12].  Lastly, given Plaintiff's alleged participation in the crips street gang, there is substantial concern over the CI's safety.  The fact that Plaintiff has never been charged with a violent crime and has never threatened Mr. Miner, who Plaintiff "believed" was the CI, is likewise of no comfort to this Court.  The protections afforded CIs relating to their safety as well as the chilling effect on the future use of this CI and the various public safety implications for anonymous tipsters far outweigh Plaintiff's right to this discovery.

For the foregoing reasons, Plaintiff's Motion to Compel is DENIED.

**IT IS SO ORDERED**; and

**IT IS FURTHER ORDERED that the Clerk of the Court terminate the aforementioned motion [Docket Entry No. 22].**


Dated: October 11, 2012

               s/Tonianne J. Bongiovanni
               **HONORABLE TONIANNE J. BONGIOVANNI**
               **UNITED STATES MAGISTRATE JUDGE**