UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| GUY WILLIAMS | : | |
| | : | |
| Plaintiff, | : | No.: 11-cv-06352 |
| | : | |
| v. | : | |
| | : | |
| CITY OF TRENTON, et al | : | |
| | : | |
| Defendant | : | |

    AND NOW this _____ day of _____, 2013, upon consideration of Plaintiff's Motion for Reconsideration of this Court's Order of June 3, 2013, and any response in opposition thereto,

    It is hereby ORDERED and DECREED, Plaintiff's Motion for Reconsideration is GRANTED.

    This Honorable Court's Order of June 17, 2013 is hereby VACATED, and Defendants' Motion for Summary Judgment is hereby DENIED.

_____
The Honorable Michael A. Shipp, U.S.D.J.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| GUY WILLIAMS | : | |
| | : | |
| Plaintiff, | : | No.: 11-cv-06352 |
| | : | |
| v. | : | |
| | : | |
| CITY OF TRENTON, et al | : | |
| | : | |
| Defendant | : | |

### NOTICE OF MOTION FOR RECONSIDERATION

TO: J. Brooks DiDonato, Esq.
Parker McKay, PA
9000 Mid Atlantic Drive, Suite 300
P.O. Box 5054
Mt. Laurel, NJ 08054

PLEASE TAKE NOTICE that Plaintiff, Guy Williams will hereby present the following Motion for Reconsideration of this Honorable Court's June 17, 2013 Order, granting Defendants' Motion for Summary Judgment.  A Brief setting forth reasons Plaintiff's Motion for Reconsideration should be granted by the Court is attached hereto and filed herewith.

A proposed form of order is also attached.

At this time, Plaintiff does not request oral argument of the following motion.

**WEISBERG LAW, P.C.**

/s/ Graham F. Baird
Matthew B. Weisberg
Graham F. Baird, Esquire
Attorneys for Plaintiff

Dated: July 1, 2013

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| GUY WILLIAMS | : | |
| | : | |
| Plaintiff, | : | No.: 11-cv-06352 |
| | : | |
| v. | : | |
| | : | |
| CITY OF TRENTON, et al | : | |
| | : | |
| Defendant | : | |

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION OF THIS HONORABLE COURT'S JUNE 17, 2013 ORDER**

Plaintiff, Guy Williams ("Plaintiff"), by and through his undersigned attorneys, hereby moves this Honorable Court for reconsideration of its June 17, 2013 Order granting Defendants' Motion for Summary Judgment.

**I.     Introduction.**

Respectfully, the District Court is clearly erroneous in finding that Plaintiff's wrongful arrest and state constitutional claims expired pursuant to the statute of limitations.  The statute of limitations should not be calculated to run from the date of the arrest, as Defendants made continuous and ongoing efforts during Plaintiff's incarceration, to further violate Plaintiff's constitutional rights.  Long after the night of the Plaintiff's arrest, both Defendant Miles and Defendant Lugo testified falsely and created a false arrest report concerning his actions on the night of the arrest.  This Honorable Court should calculate the applicable statute of limitations from the date of the last violative act of Defendants, Lugo and Miles, which was April 11, 2011. Additionally, as Plaintiff will explain below, this Honorable Court's opinion and order is against public policy in that it effectively forestalls the ability of plaintiffs to assert civil rights claims in the event such plaintiffs are held for more than two (2) years from the date of their arrest.

II.     **Argument**

    A.     **Standard of Review.**

Motions for Reconsideration are granted in three situations: (1) when intervening change in controlling law has occurred; (2) when new evidence becomes available; or (3) when reconsideration is necessary to correct a clear error of law, or to prevent manifest injustice. River Insurance Company v. CIGNA Reinsurance Company, 52 F.3d 1194, 1218 (3d Cir. 1995). Here, Plaintiff moves for reconsideration of this Honorable Court's June 17, 2013 Order dismissing Plaintiff's claims on the grounds that the statute of limitations expired on his wrongful arrest and state constitutional claims. Respectfully, if the Court's June 17, 2013 Order is not reconsidered and vacated, clear error resulting in manifest injustice will result.

    B.     **The District Court Committed Manifest Error by Ignoring the Subsequent and Ongoing Acts Committed by Defendants in Violation of Plaintiff's Fourth Amendment Rights.**

Plaintiff was wrongfully arrested on May 2, 2009. Plaintiff was jailed and finally indicted on November 5, 2009, and, as such Plaintiff was not even charged with a crime until six (6) months after his arrest, hence a continuing violation of Plaintiff's rights, to be free from wrongful arrest. Both defendants took actions long after the arrest in continuous violation of Plaintiff's rights. Defendant Lugo testified on November 5, 2009 before the Grand Jury. Defendant Lugo also testified on April 11, 2011 at the suppression hearing of Plaintiff. Further, Defendant Miles created an arrest report on December 1, 2010, (one and one half years after the arrest) speciously detailing contacts giving rise to Plaintiff's arrest and seizure. Defendant Miles also testified at the suppression hearing on April 11, 2011. The continuing violation doctrine is based on the affirmative acts of the Defendants, Miles and Lugo and as set forth herein, each Defendant affirmatively acted to continue the constitutional violation. Young v. Allentown, 882

F.Supp. 1490, FN7 (E.D.Pa. 1995) (a Plaintiff must allege at least one violation not time barred by the statute of limitation to assert continuing violation exception).  The State Court Judge at the suppression hearing plainly states that he does not believe the testimony given at the hearing. (Exh. B, attached to Plaintiff's Opposition to the Motion for Summary Judgment).

Plaintiff directs this Honorable Court to an analogous case to the facts here, <u>Starkey v. Brittieri</u>, 2012 WL 5921044 (U.S.D.C. Dist. Mass. 2012).  This opinion is more analogous to the situation here than <u>Mata v. Anderson</u> and the other cases cited by the Defendants in their brief in support of the motion for summary judgment.

In the Starkey case, the police officer alleged to have violated Plaintiff's constitutional rights, Birritteri, cited <u>Mata v. Anderson</u>. 635 F. 3d. 1250, 1252– 53 (10th Cir. 2011); <u>Evans v. City of Chicago</u>, 434 F.3d 916, 934–35 (7th Cir.2006).  Both those cases dismissed retaliatory prosecution claims as time-barred because the filing of criminal charges occurred outside the limitations period, and the plaintiffs had not alleged subsequent retaliatory acts within the limitations period that could be construed as part of a continuing violation.  <u>Starkey v. Brittieri</u>, 2012 WL 5921044 (U.S.D.C. Dist. Mass. 2012).  However, Starkey alleged that Birritteri remained <u>involved in the investigation of Starkey and continued to provide false information and false testimony, thereby prolonging Starkey's prosecution</u>.  <u>Starkey</u>, at *4 (emphasis added).  In Starkey,Plaintiff's statute of limitations was calculated from the last violative act perpetrated by the Defendants which was the false police report and the false testimony from the suppression hearing.

In the opinion, this court cited <u>Mata v. Anderson</u> for the proposition that the continuing violation rule does not apply, but Mata never actually addressed whether the continuing violation doctrine applied because Plaintiff had only alleged one incident of violative conduct, the arrest

itself.  Mata v. Anderson, 635 F. 3d 1250, 1253 (10th Cir. 2011) ("We need not address whether the continuing violation doctrine applies to § 1983 claims because we agree with the district court that Mr. Mata has failed to establish that Sergeant Anderson engaged in any new retaliatory acts after the filing of the criminal complaint. We have concluded that "[a]ssuming the continuing violation doctrine applies to § 1983 claims, the doctrine is triggered 'by continual unlawful acts, not by continual ill effects from the original violation." " Parkhurst v. Lampert, 264 Fed.Appx. 748, 749 (10th Cir.2008) (unpublished) (quoting Bergman v. United States, 751 F.2d 314, 317 (10th Cir.1984)). Mr. Mata alleged [only] one unlawful act—the filing of the criminal complaint against him; accordingly, his First Amendment retaliatory-prosecution claims accrued in February 2005.)")

On the foregoing grounds, this Honorable Court should vacate its order of June 17, 2013.

C.     **The Court's Opinion and Order of June 17, 2013 Violates Public Policy.**

Respectfully, this Court's opinion and order of June 17, 2013 creates a doctrine in which wrongly incarcerated persons have no recourse for constitutional violations.  It is axiomatic that in order to prevail on constitutional claims arising out of an arrest, a Plaintiff must prevail on the underlying criminal charge.  See, generally, Heck v. Humphery, 512 U.S. 477, 486 (1994).  So, when a prosecution results in the suspect remaining jailed, because (for example) that person lacks means to post bail, the Court is reducing the statute of limitations to an extremely short period, or, conceivably, a situation where the Plaintiff does not prevail on the underlying criminal charge until sometime after the two (2) year expiration of the statute of limitations if calculated from the date of arrest. Such a Plaintiff would be wholly barred from asserting a §1983 claim.

D. **This Honorable Court Should Invoke the Discovery Rule.**

In the instant matter, the discovery rule should be invoked in Plaintiff's case, because even though the Plaintiff testified that he advised the police officers at the time of his arrest that he knew the arrest was wrongful, the elements of his § 1983 claim did not arise until the Judge in the underlying criminal case suppressed the firearm as evidence, ruling that the Defendants' lacked probable cause to stop, frisk, seize and arrest Plaintiff.  Tritsoulis v. Township of Denville, 2008 WL 2783344*4 (D.N.J. 2008) (arrest without probable cause essential element to claim) citing, Dowling v. City of Philadelphia, 856 F.2d 136, 141 (3d. Cir. 1988).

III. **Conclusion.**

In light of the foregoing, and in light of the record evidence submitted in opposition to the original Motion for Summary Judgment, Plaintiff respectfully requests this Honorable Court reconsider and vacate its Order of June 17, 2013, and deny the Defendants' Motion for Summary Judgment.

**WEISBERG LAW, P.C.**

/s/ Graham F. Baird
Matthew B. Weisberg
Graham F. Baird, Esquire
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| GUY WILLIAMS | : | |
| Plaintiff, | : | No.: 11-cv-06352 |
| v. | : | |
| CITY OF TRENTON, et al | : | |
| Defendant | : | **CERTIFICATE OF SERVICE** |

I, Graham F. Baird, Esquire, hereby certify that on this 1st day of July, 2013, a true and correct copy of the foregoing motion for leave was served via ECF, upon the following parties:

J. Brooks DiDonato, Esq.
Parker McKay, PA
9000 Mid Atlantic Drive, Suite 300
P.O. Box 5054
Mt. Laurel, NJ 08054

**WEISBERG LAW, P.C.**

/s/ Graham F. Baird
Matthew B. Weisberg, Esquire
Graham F. Baird, Esquire
Attorneys for Plaintiff